IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR71** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JESSICA MARTINEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 216). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

The Defendant, Jessica Martinez, pleaded guilty to Count I of the Superseding Indictment charging her with conspiring to distribute and possess with intent to distribute 500 grams or more methamphetamine. The cooperation plea agreement included the following stipulations: Martinez should receive 3 levels for acceptance of responsibility, under the circumstances described; and she had neither an aggravating nor a mitigating role in the offense. (Filing No. 96.) Martinez received a downward departure for

substantial assistance and was sentenced to 90 months imprisonment. The Eighth Circuit affirmed this Court's judgment in a per curiam opinion. (Filing No. 192.)

In her § 2255 motion, Martinez alleges: she was ignorant with respect to the law (Claim One); she should have received a downward adjustment for lesser harms under U.S.S.G. § 5K2.11 (Claim Two); she should have received a 3-level adjustment for acceptance of responsibility (Claim Three); and she should have received a mitigating role (Claim Four).

## DISCUSSION

### *Claim One: Ignorance of the Law*

Martinez argues that she was a non-English-speaking first-time offender and not a participating conspirator. She also claims that in speaking with law enforcement she did not understand she was subject to a 10-year minimum sentence. Martinez believes that she is entitled to leniency for these reasons.

Martinez was not a first-time offender, as she was placed in criminal history category II. During court hearings and at other crucial times she was provided with the services of a Spanish language interpreter. Her complaint that she did not know she was facing a mandatory minimum 10-year sentence when she gave her proffer statement is without consequence, as she was sentenced to 30 months less than the mandatory minimum sentence in return for her substantial assistance. This claim is denied.

*Claim Two: Lesser Harms*

Martinez argues that she is entitled to a downward adjustment based on lesser harms under U.S.S.G. § 5K2.11 because she had no active role in the offense. She appears to confuse "lesser harms" with a mitigating role, which was precluded by her plea agreement. According to the PSR, Martinez acted as an interpreter during drug deals and once traveled to Phoenix to pick up a load of drugs. (Filing No. 135, ¶ 39.) No facts are present indicating that § 5K2.11 should have been applied. This claim is denied.

*Claim Three: Acceptance of Responsibility*

Martinez argues that she should have received a 3-level downward adjustment for acceptance of responsibility. In fact, Martinez received a 3-level adjustment for accepting responsibility, in accordance with her plea agreement. (Filing No. 138.) This claim is denied.

*Claim Four: Mitigating Role*

Martinez argues that she should have received a mitigating role adjustment. However, her plea agreement includes a stipulation that she was not entitled to an aggravating or mitigating role. The claim is denied.

## CONCLUSION

It plainly appears from the record that Martinez is not entitled to relief.

THEREFORE, IT IS ORDERED:

1.  That the Court has completed initial review of the defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 216);

2.	Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 216) is summarily denied;

3.	A separate Judgment will be issued denying the § 2255 motion; and

4.	The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 10th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge